Judge Marshall
delivered the Opinion of the Court.
This indictment charges that, on the 3d day of March, 1838, and on divers other days and times between that day and the finding of the indictment, Yirgil Morrison did at &c. in a certain house &c. keep and maintain a tippling house, in this, that, on said 3d day of March and on those divers other days &c. he did, in said house, sell by retail divers quantities of spirituous liquors, in smaller quantities than a quart, to persons unknown, which spirituous liquors he did suffer and permit to be drunk in his said house, he the said Virgil Morrison, then and there, during all those days and times, not having a license to keep a tavern &c. A verdict having been found against the defendant, and a judgment pronounced thereon, for the accumulated penalty of ten dollars, under the statute of 1793, and fifty dollars under that of 1831, denounced against the offence of keeping a tippling house without a license to keep a tavern — the only question is whether that offence is sufficiently charged in this indictment.
The fourth section of the act of 1793 (Stat. Law, 1499) imposes a penalty of three pounds ($10,) for either keeping a tippling house, or retailing spirituous liquors *219 without license. The sixth section of the act of 1831 (Stat. Law, 1382,) imposes an additional penalty of fifty dollars for keeping a tippling house without a license &c. but leaves the offence of retailing spirituous liquors where no tippling house is kept, as it is placed by the act of 1793, and other statutes. The general charge of keeping a tippling house without a license would, as heretofore decided, be sufficient to authorize the infliction of the accumulated penalty; but this indictment contains a specification of the offence intended to be charged; and if the facts so specified, do not constitute the keeping of a tippling house, the general charge of that offence avails nothing. The judgment must be authorized by the specification, or it cannot stand.
None of our statutes undertake to define the simple offence of keeping a tippling house, in any manner substantially different from its common law definition.
The term ‘tippling house,’ has a definite and well understood meaning in the common law, and in common language. And although, as decided at the present term, the fact of selling spirituous liquors, on a single occasion, in a less quantity than a quart, and permitting it to be drunk in the house of the vendor, may not constitute the keeping of a tippling house: yet we are clearly of opinion that the repetition of such acts, in the house of the vendor, as charged in this indictment, is, in fact and essence, the keeping of a tippling house, according to the common law and common language of the country, and within the purview of the statutes of 1793 and 1831, above referred to. And it being alleged that, during the time these acts were so repeated, the defendant had no license to keep a tavern, we think the specification completely makes out'the offence of keeping a tippling house without obtaining a license &c., as denounced by the acts of 1793 and 1831, above cited; and that there was no error in rendering judgment thereon for the accumulated penalty.
Wherefore, the judgment is affirmed.