**Woods, &c.**
*vs*
**Commonwealth**

</div>

---

PRESENTMENT

*Case 26.*

*November 1.*

# Woods, &c. *vs* Commonwealth.

## ERROR TO THE HICKMAN CIRCUIT.

### *Tippling houses. Jury trial. Retailing Spirits.*

JUDGE MARSHALL delivered the Opinion of the Court.

THIS presentment charges that David Woods and two others, "did, on the 9th day of April, 1839, in the county, &c. then and there presume to keep a tippling house, by then and there selling ardent spirits by the retail, (viz: whiskey, brandy, and gin,) without first having obtained a license to keep a tavern."

The defendants having been duly served with process, and not appearing, a judgment was rendered against them by default, and without a jury, for sixty dollars, being the amount of the accumulated penalty for keeping a tippling house, under the acts of 1793 and 1831.

The court cannot without the intervention of a jury render judgment for a fine of sixty dollars, for keeping a tippling house.

We are of opinion that the judgment is liable to two objections, either of which is fatal:

1st. It is expressly declared, in the latter part of the 26th section of the act of 1796, concerning criminal proceedings, *Stat. Law*, 529, that where the penalty imposed shall be above five pounds, or be uncertain, the trial shall be by jury; see *Candy* vs *The Commonwealth*, 9 *Dana*, 304, so that if the offence described in the presentment is subject to the penalty of sixty dollars, the judge had no

authority to render judgment therefor without the intervention of a jury.

2nd. But we are of opinion that the offence charged in the presentment, when properly construed, is not one which is subject, by law, to a penalty of sixty dollars. If the presentment had simply charged the keeping of a tippling house without having first obtained a license to keep a tavern, it would have presented the specific offence which, by the act of 1793, is subjected to a penalty of ten dollars, to which the act of 1831 adds fifty dollars. But it goes on to show in what the alleged keeping of a tippling house consisted, viz: in selling therein, on a certain day, whiskey, brandy, &c. by retail, without license. But the simple act of retailing spirits in a house, on the day charged, is not keeping a tippling house, which must be either a house in which tippling and drinking is allowed, or a house kept for the purpose of making a profit by selling spirituous liquors, without furnishing accomodations for travellers with or without license. The specification of the charge therefore, does not state facts which constitute, necessarily, the offence of keeping a tippling house, but states such as amount only to retailing spirits in a house without license, the penalty for which is only ten dollars for each offence by the act of 1793, and has never been increased. And as the charge must be restricted to the fair import of the specification, *Morrison* vs *Commonwealth*, 7 *Dana*, 218, it follows that the offence described in the presentment, is subject only to the penalty of ten dollars, and no judgment for a greater sum could properly have been rendered even if there had been a jury in the case.

Wherefore, the judgment is reversed and the cause remanded with directions to allow the defendants to appear and defend the presentment, and for further proceedings according to the priniples of this opinion.

*Lindsey* for plaintiff; *Cates, Atto. Gen.* for Com'lth.

WOODS, &c.
*vs*
COMMONWEALTH

To charge that A B, on a day named "did, in the ct'y, &c. then and there presume to keep a tippling house, *by then and there selling ardent spirits by the retail, viz: whiskey, brandy, and gin, without a license to keep a tavern, &c.*" is not a sufficient charge of keeping a tippling house, but amounts only to a charge of unlawful retailing without a license.