Judge Simpson
delivered the opinion of the court.
The presentment in this case was found by the grand jury, since the adoption of the Revised Statutes. It charges that the defendant did, on the 4th day of November, 1852, in the county of Bracken, keep a tippling house, without having first obtained a license to keep a tavern. On the motion of the defendant, the court quashed the presentment, on the ground that the offense set out therein, was not charged with sufficient certainty.
By the Revised Statutes it is enacted (page 663,) that “any person, unless he shall have a license therefor, who shall sell, in any quantity, wine or spirituous liquors, or the mixture of either in any house, to be drunk therein, or on or adjacent to the premises where sold, or shall sell the same, and it shall be so- *2 drunk, shall be deemed guilty of keeping a tippling house, and fined the sum of sixty dollars.”
I. In an indictment for keeping a tippling house it is sufficient 'to aver that the defendant kept a tippling house— without avering that he had not a license to retail spirits. Rev. .Stat., 663.
2. Before the passage of the Revised Stat. it was necessary, where the object was to punish the defendant for keeping a tippling house, under color of keeping a tavern, as the penalty was different.
The objection made to this presentment is, that it does not negative the idea, that the defendant had a license to sell spirituous liquors, and that although he had not obtained a license to keep a tavern, yet he may have obtained a license by which he was authorized to sell spirituous liquors to be drunk in his house, and consequently was not guilty of keeping a tippling house.
If, however; he was guilty of keeping a tippling house, as charged in the presentment, the necessary conclusion is, that he had no license which authorized him to sell spirituous liquors to be drunk in his house, ■for it is the act of selling and allowing it to be drunk in his house without a license therefor, that constitutes him the keeper of a tippling house. If he have a license to do it, he cannot be guilty, under the statute, of keeping a tippling house, and therefore the averment that he kept a tippling house, negatives the idea that he had a license, and no additional averment is necessary..
By the laws in force, before the adoption of the Revised Statutes, a fine was imposed upon tavern keepers for keeping a tippling house under the color of a licensed tavern, and as the penalty for keeping such a tippling house was greater than that for keep.ing a tippling house without a license to keep a tavern, it was necessary that an indictment or presentment for keeping a tippling house should discriminate between the two offenses, and contain an averment which would define with certainty the one with which the defendant was accused, and therefore it was usual and proper to charge in the presentment, that the tippling house was kept by the defendant, without a license to keep a tavern, when- such was the fact.
But no fine is imposed by the Revised Statutes for keeping a tippling house, under the pretence of keeping a tavern; the punishment for such an offense *3 ■consists in the suppression of the license of the tavern keeper. For the offense, of keeping a tippling house, the statute provides only one. uniform penalty, viz: sixty dollars, and this offense can, under the statute, be committed only by a person who has no license which authorizes him to- sell spirituous liquors, to be drunk in his house; a presentment then, merely charging the defendant with having kept a tippling house, is good under the statute, and the additional averment in this presentment, that it was kept without a license, to keep a tavern, was unnecessary, and must be regarded as mere surplusage. We are, therefore, of the opinion that the presentment in this case is sufficient, and that the court below erred in quashing it.
Harlan, Atto. Gen., for appellant; Morehead and Brown, for appellee.
Wherefore, the judgment is reversed and cause remanded, for further proceedings consistent with this opinion.