CASE 4—INDICTMENT—JUNE 9.

# Commonwealth vs. Campbell.

APPEAL FROM BRACKEN CRIMINAL COURT.

1. A judgment sustaining a demurrer to an indictment, simply charging the accused with the offense of *keeping a tippling-house for three consecutive months*, is such a final judgment as will give the Court of Appeals jurisdiction. The judgment is, in effect, a dismission of that indictment, and exonerates the defendant from trial for the act therein charged, and, therefore, final and reversable.

2. "*Keeping a tippling-house*" imports an unlawful selling of spirituous liquors by retail, without any license, which is a statutory offense, thus sufficiently defined, for all the purposes of legal certainty. (*Commonwealth vs. Harvey*, 16 *B. Mon.*, 2.) The allegation as to the length of time is merely superfluous.

JOHN RODMAN, Attorney General,         For Appellant,

CITED—

4 *B. Mon.*, 4; *Commonwealth vs. Turner*.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This appeal presents two questions for revision—1. Is a judgment sustaining a demurrer to an indictment, simply charging the accused with the offense of "*keeping a tippling-house for three consecutive months*," such a final judgment as will give this court jurisdiction? 2. Does such a charge, without qualification, sufficiently define an indictable offense?

1. The judgment is, in effect, a dismission of that indictment, and exonerates the appellee from trial for the act therein charged; and therefore, being final in this case, is revisable by this court.

2. "Keeping a tippling-house" imports an unlawful selling of spirituous liquors by retail, without any license, which is a statutory offense, thus sufficiently defined for all the purposes of legal certainty. (*Commonwealth vs. Harvey*, 16 *B. Mon.*, *page* 2.)

The allegation as to the length of time is merely superfluous.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.