## Commonwealth v. Shepperd.

**Intoxicating Liquors—Indictment for Keeping Tippling House.**
> An indictment for keeping a tippling house held sufficient whether drawn under the Revised Statutes or under the Act of March 21, 1871.

### APPEAL FROM BULLITT CIRCUIT COURT.

June 5, 1874.

Opinion by Judge Lindsay:

In the case of Commonwealth v. Harvey, 16 B. Mon. 1, this court held that in an indictment for keeping a tippling-house, it was not necessary to negative the existence of such facts as under the

statute authorized the sale of liquors to be drunk on or adjacent to the premises of the party selling.

In the case of Creekmore v. The Commonwealth, 5 Bush 311, it was held, that the averment that the person indicted kept a tippling-house, was sufficient, without singling out in detail the concurrent facts necessary, under the statute, to constitute that offense. These indictments are therefore good under the general laws in force in the state at the time they were returned by the grand jury.

The act of March 21, 1871, Sess. Acts 1871, Vol. 2, p. 321, declares that it shall be unlawful for any person to sell intoxicating liquors in Bullitt County, in any quantity, except that manufacturers and wholesale dealers may sell in quantities not less than forty gallons. If the charge of keeping a tippling-house imported the unlawful selling of spirituous liquors, under the revised statutes, as held in the case of Creekmore, it is manifest that the same result must follow such a charge under the provisions of the act of March 21, 1871.

It seems, therefore, that the indictments under consideration are good, whether the commonwealth is proceeding under the revised statutes, or the said act of March 21, 1871. The judgment, in the case sustaining the demurrers and quashing the indictment, is reversed, and the cause remanded for further proceedings consistent herewith.

*Rodman & Lee, for appellant.*

*F. P. Strauss, for appellee.*