JUDGE ELLIOTT
delivered the opinion oe the court.
The appellee Riley was indicted in the Criminal Court of Greenup County on a charge of having kept a tippling-house.
After citation the' defendant appéared and filed his demurrer to the indictment, which was sustained, and the indictment dismissed, and from that judgment the Commonwealth has appealed.
There can be no question but that by the provisions of the Criminal Code, and especially section 112 thereof, the acts constituting the offense of the accused must be stated in ordinary and concise language. And this provision applies to every indictable offense. And therefore if the question presented by this appeal was a new one, we should be inclined to decide that the indictment is insufficient, and that the demurrer was properly sustained, but numerous decisions of this court sustaining indictments making similar allegations have in our opinion not left this an open question.
In Morrison v. The Commonwealth, 7 Dana, 218, this court say that “ none of our statutes undertake to define the simple offense of keeping a tippling-house in any manner substantially different from its common-law definition. The term tippling-house has a definite and well-understood meaning in the common law arid in common language,” and in that case this court decided that an indictment was sufficiently definite and certain that charged the accused with the offense of keeping a tippling-house. %
In The Commonwealth v. Turner, 4 B. Mon. 4, it is said that “ the general charge in this indictment that the defendant did then and there in said house keep a tippling-house without having first obtained a license then and there to keep a tavern is of itself sufficient as heretofore decided in Morrison v. The Com monwealth.
In The Commonwealth v. Allen, 15 B. Mon. 1, it is said that “ the indictment in this case charges the defendant with *46 having kept a tippling-house, but does not allege that she had no license which authorized her to sell spiritous liquors. This question is made under the Revised Statutes. They declare that any person, unless he shall have a license therefor, who shall sell in any quantity wine or spiritous liquors, etc., shall be deemed guilty of keeping a tippling-house. The averment that the defendant has kept a tippling-house necessarily implies that she had no license, for it is the fact of selling to be drunk in the house or the adjacent premises without a license that constitutes her the keeper of a tippling-house. It is not necessary therefore to allege in an indictment or presentment for keeping a tippling-house that it was done without a license, for the selling must have been so done or the charge of keeping a tippling-house is not true.”
In the case of the Commonwealth v. Harvey this court say, in 16 B. Mon. 1, that “The presentment in this case was found by the grand jury since the adoption of the Revised Statutes. It charges that the defendant did, on the 4th day of November, 1852, in the county of Bracken, keep a tippling-house without having first obtained a license to keep a tavern. On the motion of the defendant the court quashed the indictment on the ground that the offense set out therein was not charged with sufficient certainty.
“For the offense of keeping a tippling-house the statute provides only one uniform penally, viz. $60, and this offense can, under the^statute, be committed only by a person who has no license which authorizes him to sell spiritous liquors to be drunk in his house; a presentment, then, merely charging the defendant with having kept a tippling-house is good under the statute, and the additional averment in this presentment that it was kept without a license to keep a tavern was unnecessary, and must be regarded as a mere surplusage.”
By the foregoing adjudications it will be seen that this court has repeatedly held, both before and since the adop *47 tion of the Criminal Code, the mere charge that the defendant had, before the finding of the indictment against him, been guilty of keeping a tippling-house, was a sufficient definition of the offense charged and a sufficient statement of the acts constituting such offense, and we feel constrained to adhere to the rule as settled by these various adjudications of this court, together with others not referred to in this opinion.
Wherefore the judgment is reversed, with directions to overrule the defendant’s demurrer to the indictment, and for further proceedings consistent with this opinion.