(103 N. W. 426.)

---

STATE OF NORTH DAKOTA v. STAR J. ERICKSON.

Opinion filed April 22, 1905.

**Intoxicating Liquors — Indictment.**

> 1. Under section 8047, subd. 7, Rev. Codes 1899, an indictment otherwise sufficient will be held sufficient when "the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition and in such a manner as to enable a person of common understanding to know what is intended."

**Common Nuisance.**

> 2. The indictment in this case charges the defendant with committing the crime of keeping and maintaining a common nuisance, and, in charging the acts constituting the crime, alleges that the defendant "willfully and unlawfully" kept a place (describing it) where intoxicating liquors were sold, bartered and given away, without first requiring the persons receiving the same to subscribe affidavits, etc. *Held*, (1) that the allegation that the defendant unlawfully kept a place where intoxicating liquors were sold necessarily implies that the sales were unlawful; and (2) that the further allegations which attempt to expressly negative lawful sales may be treated as surplusage, and are not misleading or prejudicial, and the indictment is sufficient.

Appeal from District Court, Bottineau county; *Palda, J.*

Star J. Erickson was convicted of maintaining a common nuisance, and appeals.

Affirmed.

*V. B. Noble, E. B. Goss, H. S. Blood* and *G. A. Bangs,* for appellant.

*A. G. Burr,* State's Attorney, for the state.

YOUNG, J. The defendant was convicted of the crime of keeping and maintaining a common nuisance, upon an indictment which, omitting the formal parts and verification, reads as follows: "That heretofore, to wit: Between the 26th day of December, A. D. 1901, and the 26th day of June, A. D. 1902, at the county of Bottineau and state of North Dakota, one Star J. Erickson, late of said county and state, did commit the crime of keeping and maintaining a common nuisance committed as follows, to wit: That at said time and place the said Star J. Erickson did willfully and unlawfully keep and maintain a place, to wit: In that certain frame building fronting on the street and situated on lot 7, block 6, in the original townsite of the village of Souris, in township 163, range 77, in said county and state, where intoxicating liquors were sold, bartered and given away then and there to persons applicants for said intoxicating liquors without first requiring said applicant or applicants to make, execute and subscribe to a written or printed affidavit of the said applicant or applicants as required by chapter 63 of the Penal Code of the state of North Dakota, said affidavit being required to set forth the particular medicinal, scientific or sacramental purposes for which said intoxicating liquors were required, the kind and quantity of said intoxicating liquors desired, that said intoxicating liquors were necessary and actually needed for any particular purpose, that said intoxicating liquors were not intended to be used by said applicant or applicants as a beverage or to be sold, bartered or given away by said applicant or applicants, or that said applicant or applicants were over the age of twenty-one years. This contrary," etc.

The only error which we can consider is the order overruling defendant's demurrer to the indictment. The demurrer challenged the sufficiency of the indictment upon three grounds: (1) That it does not contain a statement of the acts constituting the offense in ordinary and concise language, or in such a manner as to enable a person of common understanding to know what is intended; (2) that the facts stated in the indictment do not constitute a public offense; (3) that it does not negative a sale by the defendant as a pharmacist, under a druggist's permit, to a patient on a physician's prescription.

We are of the opinion that the demurrer was properly overruled. Section 7605, Rev. Codes 1899, under which the indictment is drawn, so far as material, reads as follows: "All places where

intoxicating liquors are sold, bartered or given away, in violation of any of the provisions of this chapter, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of this chapter, are hereby declared to be common nuisances. * * .*" And it provides for the punishment of the owner or keeper thereof. An indictment which is otherwise sufficient must be held sufficient when "the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." Subdivision 7, section 8047, Rev. Codes 1899. The indictment charges that the defendant "did commit the crime of keeping and maintaining a common nuisance," and, in charging the manner of its commission, states that the defendant "did willfully and unlawfully keep and maintain a place [describing it] where intoxicating liquors were sold, bartered and given away. * * *" This sufficiently informs the defendant of the crime with which he is charged, and the acts constituting the crime. The further allegation, in which the pleader has apparently attempted to expressly negative the lawful character of the sales, and to describe the general character of affidavits which legalize sales when made under a permit, may be treated as surplusage. The statement that the liquors were sold, bartered and given away without the protection of affidavits was unnecessary, and this is also true as to the attempt to describe the affidavits. The defendant is charged with "willfully and unlawfully" keeping and maintaining a place where intoxicating liquors were sold, bartered and given away. This sufficiently charges that the sales there made were unlawful, for the keeping of the place could not be unlawful unless the sales were also unlawful. It has been held that an indictment for keeping a tippling house, which is a place where liquors are sold without license, is good, without an averment that the defendant had no license, and for the reason that the charge that the defendant kept a tippling house necessarily implied that he had no license. Commonwealth v. Allen, 15 B. Mon. (Ky.) 1; Commonwealth v. Riley, 14 Bush (Ky.) 44; Commonwealth v. Harvey, 16 B. Mon. (Ky.) 1; Commonwealth v .Campbell, 5 Bush (Ky.) 311. So, too, it has been held under a statute like our own that an information for keeping and maintaining a common nuisance is not

fatally defective "because. it does not charge that the defendant had no permit or license to sell." State v. Teissedre, 30 Kan. 476, 2 Pac. 108, 650; State v. Allen, 32 Iowa, 248; State v. Freeman, 27 Iowa, 333.

It is true, as counsel for appellant contend, that there may be lawful sales of liquors in this state by a pharmacist under a permit, and that places where only lawful sales are made are not common nuisances; but it is also true that, where unlawful sales are made, the fact that the seller had a permit does not exempt the place from the condemnation of the statute, as a common nuisance. State v. McGruer, 9 N. D. 566, 84 N. W. 363; State v. Donovan, 10 N. D. 203, 86 N. W. 709.

This indictment does not disclose whether or not the defendant had a permit. That fact, however, is not material, for it is the keeping of the place where the prohibited acts are done which constitutes the crime, and unlawful sales by a person holding a permit are no less unlawful than sales made by persons without a permit. As previously stated, the indictment, though not a model in pleading, sufficiently charges that the sales were unlawful. It charges that the defendant unlawfully kept a place where intoxicating liquors were sold. The allegation that he unlawfully kept the place is equivalent to alleging that the sales were unlawful.

The remaining errors assigned and argued cannot be considered because of the appellant's failure to prepare and present a record of the facts upon which the court acted in making the rulings complained of. This case was tried at the same term of court and the indictment was presented by the same grand jury as the indictment in the case of State v. Scholfield, 102 N. W. 878, 13 N. D. 664. The record presents the same defects as are pointed out in that case, and the errors assigned cannot be considered for the same reasons.

Judgment affirmed. All concur.