## White v. City of Calhoun.

(Decided December 10, 1912.)

### Appeal from McLean Circuit Court.

1. **Passway—Action to Recover Value of—Limitation—Permissive Use by Public.**—An action instituted in 1911 to recover the value of a passway, was barred by limitation, as it appears the public had continuously used the passway since 1893, and there was no evidence that such use was permissive.

2. **Passway—Use of by Public—Permissive—Burden of Proof.**—When it appears that a passway has been used by the public for more than 15 years, before its value can be recovered, the claimant must prove that the use was permissive.

L. P. TANNER for appellant.

G. H. CARY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was instituted by appellant to recover $1,000 in damages which she alleged were occasioned by appellee in constructing a concrete pavement along her front property line which abuts on Main, or Ferry street, in Calhoun. Calhoun is a municipal corporation of the fifth class. On August 6, 1909, its council enacted an ordinance requiring the construction of a brick or concrete sidewalk of certain specifications, in front of the property of appellant and other citizens. One of the specifications was that if the property owner failed or refused to construct such pavement the city council would, after due notice, let the construction thereof to the lowest bidder, and the cost of the improvement would become a lien upon the property. Appellant failed to construct the sidewalk, so the city proceeded to have the work done in accordance with the ordinance. Appellant objected to the city placing the walk in front of her property. It was located between her fence and the gutter in a space which was from eight to ten feet wide and extended the full length of her property. The pavement was four feet wide, and a space was left between it and the fence and the gutter. There was no

destruction of the property in any manner, except where it was absolutely necessary to locate the walk way as stated. Before 1893 the public traveled along the place where the walk is now located, on slabs which extended the full length of the property, but, it appears from the testimony without contradiction, that in 1893, appellant's husband, who then owned the property, together with several other citizens of the town, made up a fund, purchased material and constructed a plank sidewalk where the slabs were and where the concrete pavement now is, and it remained there and was used as a walk way until the concrete walk was constructed.

Appellant brought this action in April, 1911, to recover the value of the land covered by the concrete walk. It appears to us that she waited too long, as her husband appears to have dedicated this strip of land for a walk way prior to 1893 and the public has continuously used it as such from that time to the present with the knowledge and consent of the owners. But appellant claims that this use was merely permissive and that the statute did not run. There was no testimony to the effect that the use was merely permissive. and the burden, after a lapse of fifteen years, was upon her to show that fact. (Butt v. Napier, 14 Bush, 46; Talbert v. Thorn, 91 Ky., 417; Newcome v. Crews, 98 Ky., 339; Potts v. Clark, 23 Ky. L. R., 332; Bowen v. Cooper, 23 Ky. L. R., 2065; Clay v. Kennedy, 24 Ky. L. R., 2034, and Magruder v. Potter, &c., 25 Ky. L. R., 1336.)

For these reasons, the judgment of the lower court is affirmed.