STATE of North Dakota, Plaintiff and Respondent,

v.

Magdalena KRUEGER, Defendant and Appellant.

No. 309.

Supreme Court of North Dakota.

Nov. 7, 1963.

—◆—

Helgi Johanneson, Atty. Gen., Bismarck, and Robert Vogel, Sp. Asst. State's Atty., for Mercer County, Mandan, for plaintiff and respondent.

Floyd B. Sperry, Bismarck, for defendant and appellant.

STRUTZ, Judge.

The defendant was convicted in the district court of Mercer County for illegal conduct as a judge of election. She was charged with the crime of willfully and unlawfully making a false canvass of votes cast for the office of State's Attorney at the general election held on November 8, 1960. On recount, it was found that one of the candidates for State's Attorney had been credited with thirty-nine more votes than he actually had received in the precinct in which the defendant was judge of election, while the other candidate had been credited with thirty-eight votes less than actually had been cast for him.

The evidence discloses that, after the balloting had been completed and the polls closed, and after the tabulation of votes had begun, at the suggestion of the inspector of election, the election officials, in order to speed up the counting of the votes, divided the ballots for the purpose of tallying the remaining results. The inspector and one judge undertook to count the votes on one set of such ballots while the defendant, as the other judge of election, with two clerks of election, counted and tallied the no-party ballots, including those cast for the office of State's Attorney. The record discloses that the two clerks acted as tally clerks, while the defendant, sitting at the end of a a table, read the results of the no-party ballot. Both clerks had identical totals after the counting had been completed. The results then were entered in the tally books, after which entries those books were signed by the members of the election board.

The evidence shows that the defendant, in counting the no-party ballots, would read the vote and then turn the ballot over on the table in front of her. She was the only one who saw the markings on the ballots. Throughout the tally of the votes, the two clerks were in complete agreement on the results. No one watched the counting, except for short intervals, and there was evidence that, when anyone went close enough to the defendant to observe the markings on the ballots, the defendant would stop counting and start a conversation.

Much of the defendant's justification for the incorrect counting of the ballots is based on the fact that the election inspector was guilty of such misconduct that it was impossible to have a fair canvass of the votes. There is evidence that the inspector also was guilty of violating several election statutes, such as the law making it a misdemeanor to deposit in a ballot box any ballot upon which the official stamp does not appear, and the law which makes it a misdemeanor to fail to wrap and seal the ballots after the counting is completed. The defendant also contends that the inspector was intoxicated and that, as a result of his misdeeds and his inebriated condition, the situation in the polling place was so chaotic that it was impossible to tally the votes properly. She contends that she made an honest mistake in reading the ballots. She further points out that the two clerks working with her could have seen how the ballots were marked when the votes were counted and tallied, had they desired to look at each ballot.

In view of all of these facts, the defendant questions the good faith of the prosecution and claims that, if any one of the

election officials was to be charged, it should have been the election inspector.

Before the trial of this action, the defendant made a motion to dismiss and to quash, which motion was denied by the trial court. Thereafter, the matter was heard by the Honorable Harvey J. Miller, one of the judges of the sixth judicial district, a jury trial having been waived by the defendant and such waiver having been agreed to by the prosecution. The court found the defendant guilty as charged, and the defendant now takes this appeal from the judgment of conviction.

The statute which the defendant was charged with violating provides:

> "Every inspector or judge of election, member of any board of election, poll clerk, messenger, or other officer authorized to take part in or perform any duty in relation to any canvass or official statement of votes cast at any election, who willfully makes any false canvass of such votes, or makes, signs, publishes, or delivers any false returns of such election knowing the same to be false, or willfully defaces, destroys, or conceals any statement or certificate entrusted to his care, is guilty of a misdemeanor." Sec. 12–11–31, N.D. C.C.

█ The information clearly and precisely charges the defendant in the language of the statute. It fully informs the defendant of the charge made against her, and sufficiently identifies the occasion so as to enable the defendant to prepare her defense. The information presents with reasonable certainty all facts necessary to render the offense judicially apparent, and we believe the trial court properly denied the motion to dismiss and to quash. State v. Wicks, 68 N.D. 1, 276 N.W. 690.

The defendant contends that there is no evidence that she "willfully" made a false canvass of the votes; that such canvass was the result of an honest mistake which was caused by the chaotic condition in the

election place due to the misconduct of the election inspector, who was not charged with any violation.

█ "Willfully," as used in Section 12–11–31 of the North Dakota Century Code, means "intentional and not accidental"; it means that the person who committed the alleged wrongful act intended to do what he is charged with doing. Here, the evidence discloses that, thirty-eight times, the name of one candidate was read instead of the name which actually appeared on the ballots. That it was so read is conclusively shown by the fact that both tally clerks made exactly the same tabulation of the votes which were read to them by the defendant. Thus the evidence is sufficient to sustain the judgment. Under the statute in question, election officials have the duty of correctly counting, tabulating, and returning all votes and ballots; and, since the evidence is such that it shows that one of the officials misstated the number of votes received by a candidate in so many instances, the court did not err in finding that such official knowingly and intentionally misstated the number of votes received by the candidates in question, in violation of such statute making it a misdemeanor to wilfully make a false canvass of the votes.

█ The defendant strenuously contends that it is unjust to charge her with falsely canvassing votes when the evidence shows that the election inspector committed violations at the same election, for which he has not been charged by the State's Attorney. There is evidence in this record which would indicate that officials other than the defendant committed acts which were contrary to law and for which they come have been charged. While it would be proper for the defendant to prove, as a defense, that another person had committed the crime for which she was charged, where the guilt of such other person would tend to prove her innocence, she cannot excuse her own conduct by showing that someone else, equally guilty, has not been prosecuted.

The State's Attorney, by some reasoning, chose to prosecute the defendant, who had attempted to defeat him by misreading the number of votes which he received, but then chose to overlook other violations. That does not excuse the conduct of the defendant or lessen her guilt. She cannot excuse her own conduct by showing that someone else, who is equally guilty, has not been prosecuted. 15 Am.Jur., "Criminal Law," Sec. 331, p. 22.

The right of our citizens to vote in a free and honest election is a sacred privilege which Americans have received as a heritage from our forefathers. It should be carefully and zealously protected, and any attempt to deprive any person of his right to select public servants by free and honest elections should be severely and uniformly punished.

A careful perusal of all of the evidence indicates that the judgment of the trial court should be affirmed.

MORRIS, C. J., and TEIGEN, BURKE, and ERICKSTAD, JJ., concur.