[File No. Cr. 209]

THE STATE OF NORTH DAKOTA, Respondent, v. DAVID NEW, Appellant.

(28 NW2d 522)

Opinion filed July 22, 1947

C. A. Waldron and Halvor L. Halvorson, for appellant.

Nels G. Johnson, Attorney General, Joseph J. Funke, State's Attorney, for respondent.

BURKE, J.   On October 2, 1946, the defendant, David New, waived preliminary hearing upon a complaint charging him with the crime of failing to stop and render aid after an accident involving injury to a person and he was held to answer the charge in the district court.   On October 3, 1946, the State's Attorney of Ward County filed in the district court an information charging the defendant with the crime of manslaughter in the second degree.   At 2:00 o'clock P.M. upon the same day the defendant was arraigned in district court and entered a plea of guilty to the crime charged in the information.   At the

arraignment the state's attorney made a statement of fact to the court and the defendant offered evidence of facts which he urged in mitigation of punishment. Thereafter, in lieu of judgment and sentence, the court made its order committing the defendant to the State Training School until his 21st birthday. At the time the defendant was 18 years of age and as determined by the trial court the commitment would expire on September 4, 1949. At all stages of the proceedings the defendant was represented by counsel.

On October 8, 1946, the defendant filed a motion for leave to withdraw his plea of guilty and enter a plea of not guilty. According to the notice of motion, filed therewith, the hearing upon the motion was set for the 17th day of October, 1946. No order of the court was ever made or entered with respect to this motion and as far as the record before us discloses, the motion is still pending.

On October 17, 1946, the defendant appealed from the order of commitment entered in the case. Error is specified upon the fact that the information charges a crime different from that which the defendant was held to answer. He asserts that he had no preliminary hearing upon the crime charged in the information and that the court was therefore without jurisdiction to receive his plea and commit him to the State Training School.

There is no merit in the contention. When the defendant plead guilty to the information, without objection, he waived a preliminary examination upon the crime charged "with the same force and effect as though he had made such waiver when brought before a committing magistrate." State v. Boehm, 68 ND 340, 279 NW 824, 116 ALR 547; State v. Ehr, 64 ND 309, 252 NW 60; State v. Stepp, 48 ND 566, 185 NW 812.

Upon oral argument and in his brief defendant's counsel, in connection with this appeal, has argued the merits of his motion for leave for the defendant to withdraw his plea of guilty and enter a plea of not guilty. That matter is not before the court. Counsel stated upon the argument that the trial court denied

Reading

the motion orally. An oral denial does not constitute an order denying the motion. An order must be in writing. It must be signed by the judge. And the motion is pending until such time as a signed written order granting or denying it is made. State v. Wicks, 68 ND 1, 276 NW 690.

The fact that we have disposed of this issue upon the grounds above stated does not intimate that upon an appeal from a judgment or final order, the scope of review can be extended to orders made subsequently to the judgment or order from which the appeal was taken.

The order of commitment is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and MORRIS, JJ., concur.