**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Dennis Duane KLOCKE, Defendant and Appellee.**

Cr. No. 870146.

Supreme Court of North Dakota.

March 2, 1988.

Keith William Reisenauer (argued), Asst. States Atty., Fargo, for plaintiff and appellant.

Lanier, Knox, Olson, Racek, Craft, Thompson & Boechler, Fargo, for defendant and appellee; argued by Kenneth A. Olson.

LEVINE, Justice.

The State appeals from an order of the County Court of Cass County suppressing evidence of a prior municipal court conviction. We conclude that we are without jurisdiction and dismiss the appeal.

Dennis Klocke was charged with driving under the influence. He filed a pretrial motion requesting that the county court suppress all evidence pertaining to his prior uncounseled municipal court conviction of driving under the influence. The county court granted the motion orally from the bench on May 4, 1987, but the record on appeal does not reflect that a written order suppressing the evidence was ever entered. The State attempts to appeal from the May 4, 1987, oral order.

The right of appeal in this state is governed by statute, and is a jurisdictional matter which we will consider *sua sponte. Union State Bank v. Miller*, 358 N.W.2d 222, 223 (N.D.1984). This court has the duty to dismiss an appeal on its own motion if the attempted appeal fails for lack of jurisdiction. *Union State Bank v. Miller, supra.*

An oral ruling on a motion is not an appealable order. *State v. Henderson*, 156 N.W.2d 700, 703 (N.D.1968); *State v. New*, 75 N.D. 433, 434–435, 28 N.W.2d 522, 523 (1947). The same rule applies in civil cases. *See, e.g., McGuire v. McGuire*, 341 N.W.2d 380, 381 (N.D.1983); *Hilzendager v. Skwarok*, 335 N.W.2d 768, 769 n. 1 (N.D. 1983). The basis for this rule is stated in *State v. New, supra*, 75 N.D. at 435, 28 N.W.2d at 523:

"An oral denial does not constitute an order denying the motion. An order must be in writing. It must be signed by the judge. And the motion is pending until such time as a signed written order granting or denying it is made."

*See also State v. Henderson, supra*, 156 N.W.2d at 703; *State v. Wicks*, 68 N.D. 1, 2–3, 276 N.W. 690, 691 (1937).

We are aware of the provisions of Rule 4(b), N.D.R.App.P., which provides in pertinent part:

"(2) If an appeal by the state is authorized by statute, the notice of appeal must be filed with the clerk of the trial court within 30 days after the entry of the judgment or order appealed from.

"(3) A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket. A notice of appeal filed after the announcement of a decision, sentence, or order but before entry of the judgment or order must be treated as filed after the entry and on the day thereof...."

This court has previously construed Rule 4(b) to permit an appeal which was filed after the time for appeal from the verdict had expired but before judgment of conviction was entered. *State v. McMorrow*, 286 N.W.2d 284, 286 n. 4 (N.D.1979); *State v. Garvey*, 283 N.W.2d 153, 155 (N.D.1979). In *Garvey, supra*, the defendant had filed a notice of appeal which was untimely as to the previously rendered verdict, and no judgment of conviction had been entered. In *McMorrow, supra*, the defendant filed a notice of appeal from the judgment of conviction after rendition of the verdict and denial of his motion for a new trial but before entry of the judgment of conviction. We noted in each case that no useful purpose would be served by remanding for the sole purpose of entering judgment. We

therefore held that the notice of appeal would be treated as filed on the date of entry of judgment, and was therefore timely.

We believe *McMorrow* and *Garvey* are clearly distinguishable from this case. In both *McMorrow* and *Garvey* the trial had been concluded and a verdict of guilty had been rendered. The defendant could have immediately appealed from the verdict. Section 29–28–06, N.D.C.C.; *State v. Garvey, supra,* 283 N.W.2d at 155. All that remained was for the clerk to enter a judgment of conviction. Therefore, the concern with finality and certainty which exists in this case was absent in *McMorrow* and *Garvey.*

As previously noted, an oral ruling on a motion leaves the motion pending until such time as the written order is entered. *State v. New, supra,* 75 N.D. at 435, 28 N.W.2d at 523. The trial court's oral determination is interlocutory and remains subject to change at any time. *See United States v. Hashagen,* 816 F.2d 899, 903 (3d Cir.1987); 9 Moore's Federal Practice ¶ 204.14 (2d ed. 1987).

The purpose of the rule requiring that an appeal be from a written order "is to foster certainty and concreteness in the record to be reviewed on appeal." *State v. Henderson, supra,* 156 N.W.2d at 703. This rationale is particularly relevant in this case, where the trial court gave a brief, conclusory oral ruling granting the motion. If the State had waited for the court's written order granting the motion, we may have received the benefit of a memorandum opinion or findings of fact which would more fully elucidate the basis for the trial court's ruling.

Our holding is consistent with recent pronouncements of this court in civil appeals. We have recently liberalized our interpretation of the rules and now treat an attempted appeal from a memorandum opinion or order for judgment as an appeal from a subsequently entered consistent judgment. *E.g., Olson v. Job Service North Dakota,* 379 N.W.2d 285, 287 (N.D.1985); *Federal Savings and Loan Insurance Corp. v. Albrecht,* 379 N.W.2d 266, 267 (N.D.1985). We have refused, however, to extend that rationale to cases where there was an appeal from the memorandum opinion or the order for judgment but no consistent judgment had been entered. *Midwest Federal Savings Bank v. Symington,* 393 N.W.2d 753 (N.D.1986); *Brown v. Will,* 388 N.W.2d 869 (N.D.1986).

We conclude that the failure to enter a written order granting the motion to suppress precludes appellate review. Although we regret the delay and waste of judicial resources necessitated by dismissal of the appeal, we are without authority to act in the absence of jurisdiction. The appeal therefore must be dismissed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.