**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Walter OLSEN III, Defendant and Appellant.**

**Cr. No. 950094.**

Supreme Court of North Dakota.

Nov. 30, 1995.

Brian David Grosinger, Assistant State's Attorney, Mandan, for plaintiff and appellee.

Rodney Karl Feldner, Mandan, for defendant and appellant.

VANDE WALLE, Chief Justice.

Walter Olsen, III, appealed from a judgment of conviction for theft of property. We hold that Olsen was denied his statutory right to a speedy trial. We reverse the judgment and remand for a dismissal of the charges with prejudice.

Olsen was charged with stealing a motor vehicle in Mandan on March 16, 1994, a class C felony in violation of Section 12.1–23–05, N.D.C.C. He entered a plea of not guilty. He then filed a motion to suppress evidence on the ground that his Fourth Amendment rights against unreasonable search and seizure were violated during the police investigation of the theft. The motion to suppress was denied.

By the time these charges were filed against Olsen he was incarcerated in the

state penitentiary for an unrelated conviction. Under the Uniform Mandatory Disposition of Detainers Act, Ch. 29–32, N.D.C.C., he filed a request for speedy trial, which was received and filed by the court on September 30, 1994. Section 29–33–03, N.D.C.C., requires pending charges against an incarcerated prisoner be tried within 90 days of the court's receipt of a request for speedy trial or be dismissed with prejudice. However, the statute also allows the court, in its discretion, to grant the State a continuance of the trial for good cause shown. *Id.; State v. Kania,* 341 N.W.2d 361, 365 (N.D.1983). Before the end of 90 days after the request for a speedy trial, the State requested and was granted a continuance for 60 days from the date of the entry of the order. Thereafter, Olsen entered a conditional plea of guilty, under Rule 11(a)(2), N.D.R.Crim.P., reserving his right to appeal the speedy trial issue and the court's denial of the motion to suppress evidence as allowed by that rule.

On appeal Olsen argues that the trial court abused its discretion in granting the 60–day continuance because the State did not show good cause for the continuance. We do not decide that issue because the trial was not set to be held within the 60–day period and that is dispositive.

The relevant statute is Section 29–33–03, N.D.C.C.:

"*29–33–03. When charges brought to trial—Dismissal.* Within ninety days after the receipt of the request and certificate by the court and prosecuting official or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information, or complaint must be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for him to be heard. If, after such a request, the indictment, information, or complaint is not brought to trial within

that period, no court of this state any longer has jurisdiction thereof, nor may the untried indictment, information, or complaint be of any further force or effect, and the court shall dismiss it with prejudice."

The trial court held a hearing within the 90–day period on the State's request for a continuance. The court granted the State's request in a written order:

"The motion is granted and the state is allowed 60 days from the date of the entry of this Order in which to bring the prisoner to trial.

"Issued this 22nd day of December, 1994."

The order was issued and signed by the court on December 22, 1994, but it was not stamped by the clerk until December 27, 1994. The trial court administrator originally scheduled the trial for March 23, 1995, well beyond the 60–day continuance. The trial was then rescheduled for February 23, 1995, and on that date Olsen entered his conditional guilty plea reserving this issue for appeal. The rescheduled trial date of February 23, 1995 fell 63 days after December 22, 1994, the day the court issued its order granting the continuance. Consequently, the trial date was within 60 days after the order was filed stamped by the clerk of court on December 27, 1994, but not within 60 days after the order was signed by the court on December 22, 1994.

▮ Absent a statute or rule to the contrary, a written order of the court is entered and effective when it is signed by the judge; filing of the order by the clerk is not a prerequisite. *See Board of Univ. & School Lands v. Vance,* 122 N.W.2d 200, 203 (N.D. 1963). A motion is pending until the court signs a written order disposing of it. *State v. New,* 75 N.D. 433, 28 N.W.2d 522, 523 (1947); *see also State v. Wicks,* 68 N.D. 1, 276 N.W. 690 (1937).[1] Consequently, the State had 60 days from December 22, 1994 to bring to

---

1. For purposes of determining whether a party has brought a timely appeal, Rule 37(b)(3), N.D.R.Crim.P., and Rule 4(b)(3), N.D.R.App.P., each provide that an order "is entered within the meaning of this subdivision when it is entered in the criminal docket." These rules serve as an example of express rules or legislation delaying, for a limited purpose, the effective date of an order until it is filed. No rule or statute delays the effective date of the court's order relevant to the continuance granted here.

151

trial the theft of property charges against Olsen. Because the trial date fell 63 days after issuance of the court's order, the trial date violated Olsen's Section 29–33–03, N.D.C.C., statutory right to a speedy trial. The statute is clear in its remedy for this violation. When a case "is not brought to trial within that period, ... the court shall dismiss [the information] with prejudice." *Compare Runck v. State*, 497 N.W.2d 74 (N.D.1993) [under Interstate Agreement on Detainers Act, Chapter 29–34, N.D.C.C., if action on which detainer is based is not brought to trial within applicable time periods court must enter order dismissing charge with prejudice].

We do not consider the suppression issue, because the speedy trial issue is dispositive of this appeal. Questions, the answers to which are not necessary to the determination of an appeal, need not be considered. *City of Fargo v. Ness*, 529 N.W.2d 572, 577 (N.D.1995).

The judgment of conviction is reversed, and the case is remanded for entry of a dismissal with prejudice.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.