STATE of North Dakota, Plaintiff and Appellee,

v.

Gary RIPLEY, Defendant and Appellant.

Criminal No. 950390.

Supreme Court of North Dakota.

May 14, 1996.

Rick Lee Volk, Assistant State's Attorney, Bismarck, for plaintiff and appellee.

Thomas M. Tuntland, Mandan, for defendant and appellant.

SANDSTROM, Justice.

Gary Ripley appealed from a judgment of conviction entered upon a jury verdict finding him guilty of conspiracy to deliver a controlled substance. Because Ripley was not brought to trial within ninety days after both the county court and the state's attorney received his request for final disposition of a detainer, we reverse his conviction and remand for entry of dismissal of the charge with prejudice.

I

On April 12, 1994, the State filed a criminal complaint in Burleigh County Court charging Heather Quast with a class A felony for delivery of a controlled substance and charging Kenneth Murchison and Ripley with a class A felony for conspiracy to deliver a controlled substance. When the charges were filed, Ripley was incarcerated at the North Dakota State Penitentiary for an unrelated conviction. On April 25, 1994, Ripley received notice of a detainer for "[a]ny and all possible pending charges in Burleigh County," and he delivered to the warden a request for final disposition of the detainer

under the Uniform Mandatory Disposition of Detainers Act (the Detainers Act), N.D.C.C. Ch. 29–33. Ripley's request for disposition, together with the warden's certificate, were sent by certified mail to the Burleigh County State's Attorney and to the clerk of Burleigh County Court. The state's attorney received Ripley's request on April 27, 1994, and the county court received it on April 28, 1994.

Ripley waived his right to a preliminary hearing, and on June 10, 1994, an order binding him over for trial was filed in district court. Ripley was arraigned on July 11, 1994, and a criminal information charging him with conspiracy to deliver a controlled substance was filed in district court on July 20, 1994. On August 9, 1994, the district court scheduled Ripley's trial for August 30–31, 1994.

On August 19, 1994, the State moved to amend the information to add Quast to the witness list. On August 22, 1994, Ripley moved to dismiss the charge against him, contending, under N.D.C.C. § 29–33–03, he was not brought to trial within ninety days after the Burleigh County Court and the Burleigh County State's Attorney received his request for disposition of the detainer. On August 25, 1994, Murchison moved for a continuance to prepare for the addition of Quast to the witness list. On August 26, 1994, the district court granted the State's motion to amend the information and Murchison's motion for a continuance. The district court also continued Ripley's trial. On August 30, 1994, the State responded to Ripley's motion to dismiss and moved to extend the time to bring him to trial.

On October 5, 1994, the district court denied Ripley's motion to dismiss and granted the State's motion to extend the time to bring him to trial. On October 13, 1994, without any apparent correlation to the reasons for the continuances, the district court rescheduled the trial for March 30–31, 1995.

On March 30, 1995, the district court allowed Ripley's counsel to withdraw, and the trial was continued to allow Ripley to procure new counsel. On May 9, 1995, the district court rescheduled the trial for July 20–21, 1995. Ripley was brought to trial on July 20, 1995, and a jury convicted him of the conspir-acy charge. Ripley appealed from the conviction.

The district court had probable jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06(1). The appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. Art. VI, §§ 2, 6, and N.D.C.C. §§ 29–01–12 and 29–28–06.

II

■ Ripley contends the district court erred in denying his motion to dismiss under the Detainers Act. He argues the ninety-day period under N.D.C.C. § 29–33–03 for bringing him to trial commenced on April 28, 1994, when both the state's attorney and the county court had received his request for disposition of the detainer. The State responds, because there could be no "untried felony complaint" in county court under our two-tiered procedure for felony prosecutions, the ninety-day period for bringing Ripley to trial did not commence until the district court obtained jurisdiction over the untried information.

A

■ Our primary purpose in construing statutes is to ascertain the intent of the Legislature. *Adams County Record v. Greater North Dakota Ass'n*, 529 N.W.2d 830, 833 (N.D.1995). The Legislature's intent must first be sought from the language of the statutes. *Adams County Record* at 833. We construe statutory provisions as a whole with each provision harmonized, if possible. *State v. One Black 1989 Cadillac*, 522 N.W.2d 457, 460 (N.D.1994). We apply those principles to the Detainers Act.

B

Section 29–33–01(1), N.D.C.C., says an inmate "may request final disposition of any untried indictment, information, or complaint pending against him in this state," and the "request must be in writing addressed to the court in which the indictment, information, or complaint is pending and to the prosecuting official charged with the duty of prosecuting it." Under N.D.C.C. § 29–32–02 the in-

mate's "request must be delivered to the warden or other official having custody of the prisoner," and the warden shall "[s]end by registered or certified mail, return receipt requested, one copy of the request and certificate to the court and one copy to the prosecuting official." N.D.C.C. § 29–33–03 provides:

"[w]ithin ninety days after the receipt of the request and certificate by the court and prosecuting official or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information, or complaint must be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for him to be heard. If, after such a request, the indictment, information, or complaint is not brought to trial within that period, no court of this state any longer has jurisdiction thereof, nor may the untried indictment, information, or complaint be of any further force or effect, and the court shall dismiss it with prejudice."

In *State v. Kania*, 341 N.W.2d 361, 365 (N.D.1983), this Court said, under our two-tiered procedure for felony prosecutions, it was not clear when the ninety-day period during which an inmate must be brought to trial under N.D.C.C. § 29–33–03 was triggered. *See also State v. Carlson*, 258 N.W.2d 253, 257 (N.D.1977). In *Kania* at 365–66, this Court did not decide when the ninety-day period was triggered, because the district court did not abuse its discretion in granting a continuance within ninety days after the county court and the prosecutor had received the inmate's request for disposition of the detainer. This Court, however, suggested the Legislature may wish to amend the Detainers Act to alleviate some of the difficulties in determining when the ninety-day period was triggered. *Kania* at 364–66 nn. 3–6. The Legislature has not amended the Detainers Act since *Kania* was decided.

Here, the district court concluded the ninety-day period began when the magistrate's return was filed in district court on June 10, 1994, because the "district court, as the trial court having the jurisdiction (authority) to resolve the merits of the action (conduct the trial), acquired no jurisdiction until the Return was filed. . . . The county court could not conduct the trial, and until the Return to District Court was file[d], the county judge simply functioned as a magistrate."

▮ The clear purpose of the Detainers Act is to require prompt disposition of criminal charges against inmates. *See* Minutes of House Judiciary Committee on Senate Bill 2289, Summary of Testimony of Judge Eugene Burdick, March 3, 1971. Other jurisdictions with similar two-tiered procedures for felony prosecutions have construed their corresponding provisions of the Detainers Act to mean the time for bringing an inmate to trial begins when the prosecuting official and the equivalent of our former county court receive the inmate's request for disposition of the detainer. *People v. Lopez*, 41 Colo.App. 206, 587 P.2d 792, 795 (1978); *Pierson v. State*, 210 Kan. 367, 502 P.2d 721, 726 (1972); *State ex rel. Kemp v. Hodge*, 629 S.W.2d 353, 360 (Mo.1982). Under N.D.C.C. § 1–02–13, a part of a uniform statute is to be construed to effectuate the general purpose of uniformity.

Those decisions relied on the purpose of the Detainers Act to provide for prompt disposition of detainers and generally recognized proceedings after an inmate is bound over for trial are a continuation of the earlier proceedings. *Lopez* at 795; *Hodge* at 359–60. Those courts, viewing the time period from the perspective of the inmate, concluded the time for bringing the inmate to trial began when the inmate has taken all the steps necessary to give notice to the court and the prosecutor and those entities have received the request for disposition of the detainer. *Hodge* at 358; *Pierson* at 725. Those decisions required the prosecuting official to bring an inmate to trial, or to seek a continuance, within the specified time. *Lopez* at 795. *See Kania* at 365, n. 4.

▮ When the Detainers Act is construed as a whole to give meaning to each phrase and clause, we conclude, when a "felony complaint" is filed against an inmate, the trigger for the ninety-day period is when the

prosecuting official and the court in which the untried complaint is filed receive the inmate's request for disposition of the detainer. Our interpretation is consistent with the purpose of the Detainers Act to provide for prompt disposition of prosecutions against inmates and is consistent with viewing the request for disposition from the inmate's perspective, rather than from the perspective of technical distinctions about "untried felony complaints," or a trial court's eventual jurisdiction over the felony prosecution. Our interpretation also avoids potential abuses by the State and requires the State to bring the inmate to trial within ninety days or "such additional time as the court for good cause shown ... may grant."[1] N.D.C.C. § 29–33–03.

We hold the ninety-day period under N.D.C.C. § 29–33–03 began on April 28, 1994, when Ripley's request for disposition of the detainer had been received by both the state's attorney and the county court. Under the Detainers Act, the State was then obligated under N.D.C.C. § 29–33–03 to bring the matter to trial, or seek a continuance within ninety days. *See State v. Olsen*, 540 N.W.2d 149, 150–51 (N.D.1995); *Kania* at 365; *Carlson* at 258–59. Neither of those events happened within ninety days of April 28, 1994, and under N.D.C.C. § 29–33–03, "no court of this state any longer [had] jurisdiction" and "the court shall dismiss [the untried indictment, information, or complaint] with prejudice."

### III

We reverse Ripley's conviction and remand for entry of a dismissal of the charge with prejudice.

VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.

---

1. In *People v. Swazo*, 199 Colo. 486, 610 P.2d 1072, 1074 (1980), the court said the length of a continuance depends on the circumstances of each case, and, in balancing the interests of the State and an inmate, effectively held the length of the continuance should be related to the reason for the continuance. *See also Lopez* at 795 (sixteen-day continuance based only on necessity for implementing preliminary hearing was not good cause).