1997 ND 8

STATE of North Dakota, Plaintiff and Appellee,

v.

Mark Anthony FOSTER, Defendant and Appellant.

Mark Anthony FOSTER, Petitioner and Appellant,

v.

STATE of North Dakota, Respondent and Appellee.

Nos. Criminal 960025;  Civil 960176.

Supreme Court of North Dakota.

Jan. 16, 1997.

Rehearing Denied Feb. 12, 1997.

Mark Anthony Foster (argued), pro se., for Defendant–Appellant.

Mark R. Boening (argued), Asst. State's Attorney, Fargo, for Plaintiff–Appellee.

MARING, Justice.

[¶ 1] Mark Foster appeals from the denial of his motion for a new trial and the denial of his application for post conviction relief. We affirm the trial court's denial of application for post-conviction relief and dismiss the appeal from the order denying a new trial.

FACTS

[¶ 2] On September 1, 1994, while incarcerated at the North Dakota State Penitentiary for an unrelated charge, Mark Foster signed an "Inmate's Notice of Detainer, Untried Indictment, Information, or Complaint" (the detainer) pursuant to the Uniform Mandatory Disposition of Detainers Act (the Detainers Act), N.D.C.C. § 29–33–03. The Detainers Act reads in relevant part:

> Within ninety days after the receipt of the request and certificate by the court and prosecuting official or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information, or complaint must be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for him to be heard. If, after such a request, the indictment, information, or complaint is not brought to trial within that period, no court of this state any longer has jurisdiction thereof, nor

may the untried indictment, information, or complaint be of any further force or effect, and the court shall dismiss it with prejudice.

N.D.C.C. § 29–33–03. The request for disposition of the detainer was filed with the Cass County District Court and the Cass County State's Attorney on September 6, 1994.[1] Trial was scheduled to begin November 15, 1994. On November 14, 1994, Foster appeared in front of the court to begin jury selection. Foster's attorney, Leslie Johnson, requested she be dismissed from the case due to a conflict of interest. The court granted her request and appointed attorney Steve Mottinger to represent Foster. The court asked if attorney Mottinger would be ready to proceed with trial the next day. Attorney Mottinger stated he would need time to prepare and would not be able to proceed as scheduled. Foster stated he didn't want attorney Mottinger to represent him, and that he would try the case himself "if I have to have him for a lawyer." Foster's request for another attorney was denied. The trial court had no open dates to hear the trial before December 5, 1994, the date on which the 90 days expired as specified by the detainer. Based on the substitution of counsel and the full docket, the court found good cause existed and issued an extension of the detainer to January 1, 1995. The case was rescheduled and tried on December 19 and 20, 1994. A jury found Foster guilty of Gross Sexual Imposition. Foster was sentenced to 20 years at the North Dakota State Penitentiary.

[¶ 3] On October 17, 1995, Foster filed a motion for new trial alleging that his constitutional rights were violated in the December, 1994 trial. On October 18, 1995, the court denied his motion on the grounds that it was untimely. On January 22, 1996, Foster filed a notice of appeal from the trial court's order denying the new trial. Pursuant to Rule 4(b)(1), N.D.R.App.P. appeals in criminal cases must be filed within 10 days after the entry of the order denying the motion for a new trial. Foster's appeal from

---

1. In *State v. Ripley,* 548 N.W.2d 24 (N.D.1996), we held that the trigger for the ninety-day period is when the court and the prosecutorial office receives the inmate's request for disposition of the Detainers.

the denial of the motion for new trial was filed 97 days after the order was entered. His appeal to this court from the October 18, 1995 order is untimely. Foster's appeal from the order denying the motion for new trial is dismissed.

[¶ 4] On September 18, 1995, Foster filed an application for post-conviction relief. An evidentiary hearing was held on May 28, 1996. On June 20, 1996, the court ordered that Foster's application for post-conviction relief be denied. Foster filed a notice of appeal from this order on June 27, 1996. Foster's appeal from the order denying post-conviction relief is timely. Rule 4(b)(1), N.D.R.App.P.

ISSUES ON APPEAL

[¶ 5] Foster contends the court abused its discretion by not bringing him to trial before the expiration of the 90 days as specified in the Detainers Act. He also argues he was denied the right to represent himself and to testify on his own behalf. We do not agree.

STANDARD OF REVIEW

[¶ 6] "Legal logic dictates sound discretion is the proper standard to be applied on the question whether or not good cause existed for extension or continuance, and that an appellate court will not reverse such decision except in instances where the trial judge abused his discretion. We have repeatedly stated that abuse of discretion is the equivalent of acting unreasonably, arbitrarily or unconscionably." *State v. Kania*, 341 N.W.2d 361, 365 (N.D.1983).

ANALYSIS

I

Detainers Act

[¶ 7] We begin our analysis with the fact that Foster was not brought to trial within 90 days after filing the detainer. Foster disregards that portion of the statute which allows for the court, upon good cause shown, to extend the period during which a defendant can be brought to trial. This court has previously enunciated the factors pertinent to determining whether an extension or continuance of a trial is for good cause. Relying upon *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we set out the following factors: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. *See Kania, supra.*

[¶ 8] The first factor to be considered is length of delay. At the hearing on November 14, 1994, Foster's attorney Leslie Johnson asked to be removed from the case citing a conflict of interest. The trial judge granted her request, and assigned attorney Steve Mottinger to replace her. The court then asked Mottinger if he would be ready to proceed with trial the next day, to which Mottinger answered "no." Foster registered his displeasure with the appointment of Mottinger, and requested his original attorney or a different attorney, which requests were denied. At that point, Foster requested to proceed pro se the next day "if [he] ha[d] to have him [Mottinger] as a lawyer." The court denied his request. In addition, the court had no open dates during which to try the case before the expiration of the Detainers Act's 90 days on December 5, 1994. The court, for these reasons, granted an extension of the Detainers Act to January 1, 1995, which was 26 days after the expiration of the Act. The trial was rescheduled and commenced on December 19, 1994. The actual delay of Foster's trial beyond the expiration of the detainer was 14 days. The trial was held within the 26–day extension granted by the court. It should also be noted that the extension was granted before the expiration of the 90 days after the request for a speedy trial. *See State v. Ripley*, 548 N.W.2d 24 (N.D.1996); *State v. Olsen*, 540 N.W.2d 149 (N.D.1995).

[¶ 9] Foster's case can be distinguished from *State v. Olsen*, 540 N.W.2d 149 (N.D. 1995). In *Olsen*, the defendant filed a notice of detainer, and the State requested a 60–day continuance from the date of its expiration. The continuance was granted, but the trial was ultimately rescheduled to be heard 3 days *after* the continuance expired. In Foster's case, the court granted a 26 day continuance, and trial was set and heard within that period of time.

[¶ 10] The second factor for consideration is the reason for delay. The substitution of

attorney Mottinger for attorney Johnson the day before trial was to begin, the court's full schedule and the approaching State holiday combined to warrant postponement of the trial in this case. We do not intend this decision to mean that any defendant who has filed a notice of detainer can be put off until "convenient" for the court—that would undermine the purpose behind the Detainers Act which is to require prompt disposition of criminal charges against inmates. *State v. Ripley,* 548 N.W.2d 24, 26 (N.D.1996). If it appears an extension need be granted because of the court's schedule, we urge the trial court judge to first pursue other avenues to try the case within the time prescribed, including reassignment to another available judge within the district.

[¶ 11] The third factor in our evaluation is defendant's assertion of his right. Foster signed the detainer on September 1, 1994. The detainer was received by the Cass County State's Attorney and the Cass County District Court on September 6, 1994. It is clear from the record of the November 14, 1994 hearing that the court and the State's Attorney were aware that Foster had filed a detainer and that the 90 days would expire on December 5, 1994. At the hearing, Foster registered his disagreement with the court's proposed 26–day extension and requested that he be tried within the 90 days pursuant to the Detainers Act. There can be no doubt that Foster asserted his right to be tried before the expiration of the Act.

[¶ 12] Prejudice to the defendant is the fourth factor to consider. Foster, however, has shown no manner in which he was prejudiced by the delay of his trial. Delay is not presumptively prejudicial. *State v. Murchison,* 541 N.W.2d 435, 439 (N.D.1995). We have held prejudice can take three forms: "'oppressive pretrial incarceration', 'anxiety and concern' caused by the delay, and an impaired defense." *Id.* (citation omitted). Foster was already incarcerated in the State Penitentiary and had served just over 5 months of a two-year sentence for a separate conviction when he filed the detainer in this case. Foster would have been incarcerated up to the date of the trial and beyond, whether the trial had taken place on or before December 5, 1994, or on December 19, 1994. There is no claim of "anxiety and concern" because of the delay, nor is there any evidence of impaired defense. *Murchison,* at 439. The two-week delay in trying this case has not been shown to have caused any actual prejudice to Foster.

[¶ 13] Having applied the pertinent factors to the record, we conclude that the trial court "for good cause shown" extended the expiration of the Detainers Act for 26 days and did not abuse its discretion. There is no evidence that the trial court acted unreasonably, arbitrarily, or unconscionably.

II

Right to Proceed Pro–Se

[¶ 14] Foster also contends he was denied his right to represent himself. As a corollary to the right to be provided with counsel under the Sixth Amendment, a party has the right to represent himself in a criminal proceeding. *Adoption of J.S.P.L., J.J.L., and J.W.L.,* 532 N.W.2d 653 (N.D.1995). However, an indigent defendant has no right to appointed counsel of his choosing. *State v. DuPaul,* 527 N.W.2d 238 (N.D.1995). Absent a showing of good cause to justify defendant's request for substitution of counsel, a trial court's refusal to grant such a request is not an abuse of discretion. *Id.* Simple dissatisfaction with or distrust of appointed counsel is not sufficient to secure a substitution. *DuPaul* at 243.

[¶ 15] During the hearing on November 14, 1994, Foster expressed his dissatisfaction with the appointment of Mottinger after Johnson withdrew. Foster told the court he would proceed "by [him]self, if that need be ... if [he] ha[d] to have him for a lawyer." Foster also requested attorney Johnson be reassigned to the case or a different attorney be appointed to replace Mottinger. The court properly viewed this as a request for substitution of counsel, and told Foster he "[didn't] get [his] choice of lawyers." At the end of the hearing, Foster agreed to give his file to Mottinger, consenting to his representation. Foster's mere dissatisfaction with Mottinger and the statement that he would represent himself unless

another attorney was provided to him were justifiably not interpreted by the court as a knowing and voluntary request to proceed pro se, but as a request for substitute counsel. Foster did not assert his right to represent himself at any other point during these proceedings, and at the end of the November 14, 1994 hearing, agreed to have attorney Mottinger represent him. The trial court's denial of Foster's request in this case was not an abuse of discretion nor was it a contravention of his Sixth Amendment rights.

### III

Right to Testify in Own Defense

[¶ 16] Foster's application for post-conviction relief included the issue of ineffective assistance of counsel. Foster claims that Mottinger denied him the right to testify at the trial on December 19 and 20, 1994. A criminal defendant has the right to decide whether to testify in his/her defense at trial. *City of Bismarck v. Nassif,* 449 N.W.2d 789, 797 (N.D.1989) (citing *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)).

[¶ 17] A hearing was held on May 28, 1995, to determine whether Foster had received ineffective assistance of counsel from Mottinger at the December 1994 trial. Foster represented himself at the hearing, and presented no evidence and offered no testimony.

[¶ 18] Mottinger testified at the hearing under direct examination by the State that, during their first meeting before trial, Foster told Mottinger he did not want to testify because he had a prior record. Under cross-examination by Foster, Mottinger again stated that Foster "never asked [him] to testify." There is no other evidence in the record.[2] In order to establish ineffective assistance of counsel, defendant must prove that his counsel's performance was defective and that his defense was prejudiced by the proven defects. *Lange v. State of North Dakota,* 522 N.W.2d 179, 181 (N.D. 1994) (citing *Strickland v. Washington,* 466

U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The trial court found Mottinger credible and concluded he had provided effective assistance of counsel to Foster at the December 1994 trial. This court applies the "clearly erroneous" standard set forth in Rule 52(a), N.D.R.Civ.P., when reviewing a trial court's findings of fact on an appeal from a final judgment or order under the Uniform Post–Conviction Procedure Act. *State v. Skaro,* 474 N.W.2d 711, 716 (N.D. 1991). However, ineffectiveness of counsel is a mixed question of law and fact and we have held such questions are fully reviewable by this court without the restraints of Rule 52(a), N.D.R.Civ.P. *Id.* at 717. We reach the same conclusion as the trial court based on the record before us and hold Foster failed in his burden of proof that his counsel's representation was defective and his defense was prejudiced by the proven defects.

[¶ 19] Based on the foregoing reasons, Foster's appeal from the trial court's order denying Foster a new trial is dismissed and the trial court's order denying his application for post-conviction relief is affirmed in all respects.

[¶ 20] VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

---

**2.** This court never received a copy of the transcript of the April 9, 1996 hearing. This is the responsibility of the appellant. *Weiss, Wright,*

*Paulson & Merrick v. Stedman,* 507 N.W.2d 901, 903 (N.D.1993).