1999 ND 15

STATE of North Dakota, Plaintiff and Appellant,

v.

James William GWYTHER, Defendant and Appellee.

State of North Dakota, Plaintiff and Appellant,

v.

William Wiley Neustel, Jr., Defendant and Appellee.

State of North Dakota, Plaintiff and Appellant,

v.

Janine Michelle Welch, Defendant and Appellee.

State of North Dakota, Plaintiff and Appellant,

v.

Timothy Beiers, Defendant and Appellee.

Criminal Nos. 980134-980137, 980150-980153.

Supreme Court of North Dakota.

Jan. 29, 1999.

Ladd R. Erickson, Assistant State's Attorney, Mandan, ND, for plaintiff and appellant.

Timothy Q. Purdon, of Dickson Law Office, Bismarck, ND, for defendant and appellee James William Gwyther.

Wayne D. Goter, Bismarck, ND, for defendant and appellee William Wiley Neustel, Jr.

Michael R. Hoffman, Mandan, ND, for defendant and appellee Janine Michelle Welch.

Robert W. Martin, Bismarck, ND, for defendant and appellee Timothy Beiers.

MARING, J.

[¶ 1] The State has appealed from an order dismissing without prejudice conspiracy charges against the defendants and from an oral ruling dismissing the remaining charges against the defendants. We affirm the dismissal of the conspiracy charges and dismiss the attempted appeal from the oral ruling.

I

[¶ 2] On January 27, 1997, officers executing a search warrant on a rural Morton County residence discovered a methamphetamine lab. The State initiated criminal proceedings against James Gwyther, William Neustel, Jr., Janine Welch, and Timothy Beiers for their alleged participation in the drug-manufacturing activities. Count I of the information[1] charged each defendant with conspiracy to manufacture a controlled substance; Count II charged Gwyther and Neustel with reckless endangerment; and, Count III charged Welch with abuse or neglect of a child.

[¶ 3] In April 1997 Welch moved to dismiss the charges against her, alleging the information failed to charge the elements of the offenses charged. Judge Hodny denied the motion. The case was subsequently reassigned to Judge Hagerty.

[¶ 4] By letter dated September 22, 1997, the Assistant State's Attorney notified the court that the State had discovered case law indicating an information charging conspiracy must allege commission of an overt act, see State v. Lind, 322 N.W.2d 826, 844 (N.D. 1982), and advised the court the State would seek to amend the information at some later date. The State did not move to amend Count I to allege an overt act in furtherance of the conspiracy until March 27, 1998, less than seven weeks before the scheduled trial date. The defendants opposed the motion to amend and Welch renewed her motion to dismiss for failure to charge the elements of the offense. Relying upon Lind and the State's lengthy delay in moving for amendment, the trial court on April 23, 1998, denied the motion to amend and ordered dismissal of Count I without prejudice.

[¶ 5] By written motion dated April 27, 1998, the State moved the court to reconsider its dismissal of the conspiracy charges. The court denied that motion at the pretrial conference held May 4, 1998, one week before the scheduled trial date. The State orally moved for a continuance on the remaining charges or for a stay pending appeal. The court denied both motions.

[¶ 6] On May 5 the State filed a notice of appeal from the April 23 order dismissing the conspiracy count without prejudice, and filed a motion in this Court to stay the proceedings on the remaining counts pending appeal. We denied the motion for stay on May 6.

---

1. Beiers was charged in a separate information. Charges against a fifth defendant were dismissed and are not involved in this appeal.

[¶ 7] On May 7 the State filed a motion in district court to dismiss Counts II and III of the information without prejudice. On the morning of May 11, the day the trial was scheduled to begin, the court held a hearing on the State's motion. The defendants opposed the State's motion and indicated their preference to begin trial the next day on the remaining counts. The State argued for dismissal without prejudice so Counts II and III could be refiled and tried with Count I after appeal, and indicated it was unwilling to proceed to trial on Counts II and III alone.

[¶ 8] The court denied the motion to dismiss without prejudice and informed the State it could either appear for trial the next day or make a motion to dismiss with prejudice. After further discussion, the State moved "under protest" for dismissal of Counts II and III with prejudice. The court granted the motion and ordered Counts II and III dismissed with prejudice. In announcing its decision, the court specifically advised the State, "You will need to put that in writing if it is something you intend to appeal from." The State filed a notice of appeal "from the MOTION AND ORDER TO DISMISS (specifically dismissal of Counts II and III) on the 11th day of May, 1998, and signed by the Honorable Gail Hagerty, Judge of the District Court." No written order dismissing Counts II and III is contained in the record on appeal.

## II

[¶ 9] Initially we must address whether we have jurisdiction over the State's appeal from the order dismissing the conspiracy count of the information. We have never expressly determined whether an order dismissing a criminal information without prejudice is appealable.

[¶ 10] In civil cases it is well-settled that an order dismissing the complaint without prejudice is not appealable. *See, e.g., Kouba v. FEBCO, Inc.,* 1998 ND 171, ¶ 4, 583 N.W.2d 810; *Community Homes of Bismarck v. Clooten,* 508 N.W.2d 364, 365 (N.D.1993). Those holdings are based upon the civil appeals statute, N.D.C.C. § 28–27–02. This Court has noted that, because either side may commence another action after a civil complaint is dismissed without prejudice, the order dismissing the action neither "determines the action" nor "prevents a judgment from which an appeal might be taken," as required under N.D.C.C. § 28–27–02(1). *Clooten,* 508 N.W.2d at 365; *Runck v. Brakke,* 421 N.W.2d 487, 488 (N.D.1988).

[¶ 11] By contrast, in a criminal case the State is authorized to appeal from "[a]n order quashing an information or indictment or any count thereof." N.D.C.C. § 29–28–07(1). We have consistently held that an order dismissing a criminal complaint, information, or indictment is the equivalent of an order quashing an information or indictment and is therefore appealable under the statute. *See, e.g ., State v. Serr,* 1998 ND 66, ¶ 7, 575 N.W.2d 896; *State v. DuPaul,* 509 N.W.2d 266, 269 (N.D.1993); *State v. Thill,* 468 N.W.2d 643, 645 (N.D.1991). An order quashing an indictment or information may be made with or without prejudice. 42 C.J.S. *Indictments and Informations* § 184 (1991). Because the statute does not specifically limit appealability to an order quashing with prejudice, we conclude an order dismissing a complaint, information, indictment, or any count thereof, with or without prejudice, is appealable under N.D.C.C. § 29–28–07(1). Accordingly, we have jurisdiction over the State's appeal from the order dismissing the conspiracy count.

## III

[¶ 12] The State asserts the trial court abused its discretion in dismissing the conspiracy count of the information. Count I of the information provided:

COUNT I: On or after April 1, 1996, in Morton County, North Dakota, the above-named Defendants committed the offense of CONSPIRACY TO MANUFACTURE A CONTROLLED SUBSTANCE in violation of Sections 12.1–06–04 and 19–03.1–23 of the North Dakota Century Code by then and there: Willfully conspired to manufacture the controlled substance methamphetamine.

[¶ 13] Section 12.1–06–04(1), N.D.C.C., sets out the elements of conspiracy:

A person commits conspiracy if he agrees with one or more persons to engage in or cause conduct which, in fact, constitutes an offense or offenses, and any one or more of such persons does an overt act to effect an objective of the conspiracy.

An overt act is an essential element of the crime and must be alleged in the information. *State v. Lind,* 322 N.W.2d 826, 844 (N.D. 1982).

[¶ 14] While conceding that the information in this case failed to allege an overt act and thus did not comply with *Lind,* the State asserts that our decisions in *City of Grand Forks v. Mata,* 517 N.W.2d 626 (N.D.1994), and *City of Wahpeton v. Desjarlais,* 458 N.W.2d 330 (N.D.1990), have relaxed the standard for criminal pleadings. The State relies upon language in these cases indicating technicalities in pleadings have been abolished:

> In considering the sufficiency of a criminal pleading, technicalities have been abolished, and it is only necessary to plead an offense in its usually designated name in plain, ordinary language. . . . When the facts, act and circumstances are set forth with sufficient certainty, it is not a fatal defect that the information or the complaint gives an erroneous name to the charge. . . . Mere defects, inaccuracies, or omissions in a complaint do not affect the subsequent proceedings, unless as a result, no offense is charged.

*Desjarlais,* 458 N.W.2d at 333 (citations omitted); *see also Mata,* 517 N.W.2d at 628.

[¶ 15] However, while noting "technicalities" have been abolished, both *Mata* and *Desjarlais* explicitly recognize that the complaint or information must contain a "written statement of the essential elements of the offense." *Mata,* 517 N.W.2d at 628; *Desjarlais,* 458 N.W.2d at 333; *see also City of Fargo v. Schwagel,* 544 N.W.2d 873, 875 (N.D.1996) (a complaint must state the essential elements of the offense); N.D.R.Crim.P. 7(c) (an indictment or information must contain a "written statement of the essential facts constituting the offense charged"). Neither *Mata* nor *Desjarlais* overrule the requirement of *Lind* that an information charging conspiracy must allege commission

of an overt act in furtherance of the conspiracy.

[¶ 16] Under the facts presented in this case, the court did not abuse its discretion when it dismissed the conspiracy count in the information.

## IV

[¶ 17] The State has attempted to appeal from the trial court's oral ruling dismissing Counts II and III of the information. Although not raised by the parties, the right of appeal in this state is statutory and is a jurisdictional matter which we will consider *sua sponte. State v. Owens,* 1997 ND 212, ¶ 6, 570 N.W.2d 217; *State v. Schindele,* 540 N.W.2d 139, 141 (N.D.1995). If there is no right to appeal we are without jurisdiction and must dismiss the appeal. *Owens,* at ¶ 6.

[¶ 18] Although the notice of appeal indicates the appeal is from an "ORDER TO DISMISS . . . on the 11th day of May, 1998, and signed by the Honorable Gail Hagerty, Judge of the District Court," the record on appeal does not contain a written order dismissing Counts II and III. When asked to clarify, the State in a letter to this Court indicated: "The Motion to Dismiss with Prejudice and the granting of that motion are on the record on May 11, 1998." The State is apparently referring to the transcript of the May 11, 1998, hearing at which the court orally granted the motion and dismissed Counts II and III.

[¶ 19] An oral ruling on a motion is not an appealable order. *See, e.g., State v. Murray,* 510 N.W.2d 107, 109 (N.D.1994); *State v. Ritter,* 472 N.W.2d 444, 447 (N.D. 1991); *State v. Hogie,* 424 N.W.2d 630, 631 (N.D.1988). We explained the rationale for this rule in *State v. Klocke,* 419 N.W.2d 918, 919 (N.D.1988) (quoting *State v. New,* 75 N.D. 433, 435, 28 N.W.2d 522, 523 (1947)):

> "An oral denial does not constitute an order denying the motion. An order must be in writing. It must be signed by the judge. And the motion is pending until such time as a signed written order granting or denying it is made."

*See also Hogie,* 424 N.W.2d at 631. Therefore, "[t]he trial court's oral determination is

interlocutory and remains subject to change at any time." *Klocke,* 419 N.W.2d at 920.

[¶ 20] We recognize that we have allowed an appeal from an oral ruling to proceed when there is a subsequent consistent written order or judgment. *See, e.g., Ritter,* 472 N.W.2d at 447; *Hogie,* 424 N.W.2d at 631. In this case, however, there is no subsequent written order. Thus, under *Hogie* and *Klocke,* the motion is still pending and there is no final appealable order. Despite the trial court's explicit direction to the State that it would need to secure a written order if it intended to appeal, the State here filed an attempted appeal from the court's oral ruling and never took the necessary steps to ensure a written order was filed. We conclude we are without jurisdiction over the attempted appeal from the oral dismissal of Counts II and III and the attempted appeal must be dismissed.

### V

[¶ 21] The order dismissing Count I without prejudice is affirmed. The attempted appeal from the oral ruling dismissing Counts II and III is dismissed.

[¶ 22] VANDE WALLE, C.J., NEUMANN, J., and CYNTHIA ROTHE-SEEGER, D.J., concur.

[¶ 23] CYNTHIA ROTHE–SEEGER, D.J., sitting in place of SANDSTROM, J., disqualified.

[¶ 24] The Honorable CAROL RONNING KAPSNER was not a member of the Court when this case was heard and did not participate in this decision.

