Filed 1/11/07 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2007 ND 7

State of North Dakota, Plaintiff and Appellee

v.

Gary Howard Moore, Defendant and Appellant

No. 20060131

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Allan L. Schmalenberger, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

James A. Hope, Assistant State’s Attorney, P.O. Box 130, Dickinson, N.D. 58602-0130, for plaintiff and appellee.

Kevin McCabe, Office of the Public Defender, 135 Sims, Suite 221, Dickinson, N.D. 58601, for defendant and appellant.

State v. Moore

No. 20060131

Maring, Justice.

[¶1] Gary Howard Moore appeals from a criminal judgment entered on a conditional guilty plea under N.D.R.Crim.P. 11(a)(2), after the trial court granted the State’s motion for additional time to bring Moore’s case to trial.  Moore argues his case should be dismissed with prejudice because his trial did not occur within the ninety-day period required by the Uniform Mandatory Disposition of Detainers Act.  We affirm. 

I

[¶2] On July 30, 2005, a stolen truck was backed into a business in Dickinson.  Extensive damage was done to the building and a large sum of money was stolen.  On September 15, 2005, Gary Howard Moore, while incarcerated, was charged with burglary, theft of property, and criminal mischief.  On November 28, 2005, Moore filed a request for disposition of indictments, information, or complaints, and notice of place of imprisonment.  On December 7, 2005, Moore was served a notice of hearing for an initial appearance on January 9, 2006.  Moore, however, did not show up for his initial appearance on January 9, 2006, and the State requested a continuance.  The Stark County sheriff had traveled to Bismarck to transport Moore to Dickinson for the initial appearance, but Moore was already in court in Jamestown for an unrelated matter.  At the rescheduled initial appearance and preliminary hearing on February 6, 2006, Moore requested appointed counsel.  The preliminary hearing was therefore postponed until February 16, 2006, at which time, Moore pled not guilty.  The State moved for additional time to bring Moore’s case to trial because of the rescheduling of the initial appearance due to Moore’s unrelated court appearance, and the rescheduling of the preliminary hearing due to Moore’s request for appointed counsel.  In an oral ruling on the State’s motion, the trial court found the State had shown good cause for additional time and ordered that the case be brought to trial within ninety days from February 16, 2006.  On March 24, 2006, the trial court signed a written order granting additional time, which was filed on March 27, 2006.  A trial was scheduled for April 6, 2006, at which time Moore entered a conditional guilty plea, reserving the right to appeal the criminal judgment. 

II

[¶3] Moore argues that his case should be dismissed because his trial did not occur before or on February 27, 2006, which was ninety days after he filed his request for disposition.  He contends the trial court abused its discretion by finding the State had shown good cause for the additional time, the oral ruling did not properly grant additional time because it was not a final order, and the written order did not properly grant additional time because it was signed after the ninety-day period.

[¶4] The Uniform Mandatory Disposition of Detainers Act, codified in part under N.D.C.C. §  29-33-03, provides:

Within ninety days after the receipt of the request and certificate by the court and prosecuting official or within such additional time as the court for good cause shown in open court may grant, the prisoner or the prisoner’s counsel being present, the indictment, information, or complaint must be brought to trial . . . .  If, after such a request, the indictment, information, or complaint is not brought to trial within that period, no court of this state any longer has jurisdiction thereof, nor may the untried indictment, information, or complaint be of any further force or effect, and the court shall dismiss it with prejudice.

A

[¶5] This Court has explained the standard of review for determining whether good cause exists for a grant of additional time: 

“Legal logic dictates sound discretion is the proper standard to be applied on the question whether or not good cause existed for extension or continuance, and that an appellate court will not reverse such decision except in instances where the trial judge abused his discretion.  We have repeatedly stated that abuse of discretion is the equivalent of acting unreasonably, arbitrarily or unconscionably.”

State v. Foster
, 1997 ND 8, ¶ 6, 560 N.W.2d 194 (quoting 
State v. Kania
, 341 N.W.2d 361, 365 (N.D. 1983)).  

[¶6] The factors we consider when deciding whether good cause exists to grant additional time are:  the length of delay; the reason for delay; defendant’s assertion of his right; and, prejudice to the defendant.  
Foster
, 1997 ND 8, ¶ 7, 560 N.W.2d 194 (relying on 
Barker v. Wingo
, 407 U.S. 514 (1972)).  Each of the factors must be given weight, but no factor, including the length of the delay, is controlling.  
State v. Murchison
, 541 N.W.2d 435, 438-39 (N.D. 1995).  “Delay is not presumptively prejudicial.”  
Foster
, 1997 ND 8, ¶ 12, 560 N.W.2d 194.  A lack of prejudice substantially weakens a claim.  
Murchison
, 541 N.W.2d at 439.    

[¶7] Whether a delay is too long is dependant on the specific circumstances of the case.  
Barker
, 407 U.S. at 530-31.  The allowable delay for a minor street crime is considerably less than that for a more serious and complex charge.  
Id.
 at 531.  The ninety-day period to conduct Moore’s trial commenced on November 28, 2005, and ended on February 27, 2006.  The trial, which became a plea hearing, occurred on April 6, 2006, thirty-eight days after the ninety-day period ended.  In 
Murchison
, a delay of nearly one year was determined to be significant, but not presumptively prejudicial.  541 N.W.2d at 438-39; 
Foster
, 1997 ND 8, ¶ 13, 560 N.W.2d 194 (holding good cause was shown when there was an extension of twenty-six days and an actual delay of fourteen days).  Thirty-eight days was a minimal delay for the serious crimes for which Moore was charged. 

[¶8] The State cites Moore’s absence at the originally-scheduled initial appearance, and his request for appointed counsel as the reasons for the delay of his trial.  The need to reschedule the initial appearance caused a delay, but Moore was not responsible for the delay because he had another court appearance that required his attendance.  Nor was the State responsible for the delay by failing to ensure Moore’s availability.  The missed initial appearance was merely a mutual and innocent mistake that required additional time for the trial to be held.       

[¶9] A defendant’s assertion of his right and any prejudice to the defendant must also be weighed.  
See
 
Foster
, 1997 ND 8, ¶ 7, 560 N.W.2d 194.  Moore properly asserted his right to have his trial within ninety days.  Prejudice can take three forms:  oppressive pretrial incarceration, anxiety and concern caused by the delay, and an impaired defense.  
Foster
, at ¶ 12.  In 
Foster
, the defendant had already been incarcerated when he filed his detainer, and did not claim anxiety and concern, and there was no evidence of an impaired defense.  
Id.
  Moore, like Foster, was already incarcerated, and he never claimed anxiety and concern caused by the delay, or an impaired defense.  We conclude Moore was not prejudiced by the delay because he was incarcerated on another charge during the length of the delay in the scheduling of his trial. 

[¶10] The trial court reasonably concluded good cause existed based on the short length of delay and the seriousness of the crimes, the mutual innocent mistake resulting in the postponed initial appearance, and the lack of prejudice.  We conclude the trial court, for good cause shown, granted additional time and did not abuse its discretion.  

B

[¶11] Moore contends that the trial court’s oral order did not properly extend the time for trial.  This Court has long held that an oral ruling does not constitute an order on a motion.  
See
 
State v. New
, 75 N.D. 433, 435, 28 N.W.2d 522, 523 (1947).  An order must be in writing and signed by a judge.  
Id.
  A motion is pending until a written order is signed by the court.  
Id.
; 
State v. Olsen
, 540 N.W.2d 149, 150 (N.D. 1995). 

[¶12] However, N.D.C.C. § 29-33-03 provides an exception to the requirement that an order be written and signed before it is final.  Section 29-33-03, in pertinent part, states:  “Within ninety days after the receipt of the request and certificate by the court and prosecuting official or within such additional time as the court for good cause shown in open court may grant, the prisoner or the prisoner’s counsel being present, the indictment, information, or complaint must be brought to trial . . . .”  Section 29-33-03 clearly allows the trial court to rule on the request for additional time in open court.  This view is supported by 
State v. Kania
, 341 N.W.2d 361 (N.D. 1983).  In 
Kania
, the trial court orally granted additional time for the trial under N.D.C.C. § 29-

33-03, after finding good cause had been shown in open court.  
Id.
 at 363.  This Court held good cause existed for the trial court to grant additional time based on the oral ruling, and Kania’s conviction was affirmed.  
Id.
 at 366.  In the present case, the trial court’s oral ruling finding good cause was a final order under N.D.C.C. § 29-33-

03 that properly granted the State’s motion for additional time to bring Moore’s case to trial.  Therefore, the late signing and entry of the written order were not significant.   

III

[¶13] We affirm the criminal judgment.  

[¶14] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.